G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Telephone: (323) 940-1700
Fax: (323) 238-8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff
ANN TRAINA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ANN TRAINA,<br><br>Plaintiff,<br><br>vs.<br><br>LEXIS NEXIS RISK SOLUTIONS, INC. and DOES 1- 10, inclusive<br><br>Defendant | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Unlimited Civil Jurisdiction |

## INTRODUCTION

1. Plaintiff ANN TRAINA ("Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for Damages against Defendant Lexis Nexis Risk Solutions, Inc. ("Lexis" or "Defendant").

2. Plaintiff brings this action for damages based upon Defendant's violations of the California Consumer Credit Reporting Agencies Act ("CCCRA"), Cal. Civ. Code §§ 1785 *et. seq.*

## VENUE AND JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seek relief on behalf of a California classes, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Georgia. Plaintiff also seeks statutory damages of $5,000.00 per willful violation, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

5. Plaintiff, Ann Traina, is a natural person who resides in El Dorado Hills, California. Plaintiff is a "consumer" as defined by the CCCRAA, Cal. Civ. Code § 1785.3(b). Defendant LexisNexis is a Georgia corporation. Defendant Lexis is and was, at all relevant times stated herein, an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant Lexis is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

8. LexisNexis affirmatively seeks out and purchases public records data, including tax liens and civil judgments, to include this derogatory information in the credit reports it sells.

9. In and around, 2019, in response to national class action litigation, the three major national credit bureaus, Transunion, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC stopped reporting public records and tax liens as part of three nationwide class actions settlements.

10. After the removal of liens and judgments data from credit reporting agencies, companies found themselves in need of other data sources to support their credit models.

11. In response, LexisNexis began preparing, issuing and selling consumer reports that provide information about liens and judgments.

12. On information and belief, LexisNexis uses automated procedures and in some instances vendors to collect information regarding judgments and liens that undergo little, if any, meaningful quality control.

13. It is LexisNexis' policy and routine practice to issue consumer reports which fail to update tax lien or judgment disposition information when a civil judgment or tax lien is satisfied.

14. LexisNexis does not, as a routine policy and practice, in preparing consumer reports, request, purchase, or obtain copies of any satisfaction of judgment or release of lien documents actually filed with the Courts in connection with any proceeding listed in its consumer reports.

15. LexisNexis' data collection policy, practice and procedure employed in preparing consumer reports does not routinely include sending any employee, agent or representative to the office of the clerk of any California court to view any court files or documents filed with that court to determine if a satisfaction of judgments and release of lien was filed with the Court.

16. LexisNexis does not have any procedure in place to periodically reevaluate its database to determine whether information it maintains contains concerning judgments and liens is inaccurate or if they have been satisfied and released.

17. In the alternative, LexisNexis has a procedure in place to determine if information contained in its database regarding judgments and liens is inaccurate or if they have been satisfied and released, but it routinely fails to follow that procedure by failing to keep such information from appearing in the consumer reports it prepares.

18. Instead, LexisNexis publishes lien and judgment data that it knows and should know is inaccurate if a release of lien or satisfaction of judgment had been filed, and instead relies on consumers to clean up their own files via the dispute process, rather than instituting sufficient quality control procedures to insure the maximum possible accuracy of the data it publishes.

19. LexisNexis knows about its inaccurate reporting regarding liens and judgments from prior consumer disputes and from the many lawsuits that have been filed against it regarding same. Notwithstanding this knowledge, LexisNexis has done nothing to rectify these errors. Given this knowledge and its failure to rectify and update its inaccurate reporting regarding liens and judgments, LexisNexis' conduct was, and continues to be, willful.

20. As a result of LexisNexis's above-referenced conduct, Plaintiff and the putative class members' LexisNexis consumer reports contain inaccurate information regarding judgments and liens and fails to include information regarding the satisfaction of those judgements and release of those liens.

21. As a result, Plaintiff and the putative class members have suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF ANN TRAINA**

22. On September 27, 2010, a judgment was taken against Plaintiff in the amount of $ 43,211.00 by Chase Bank USA, N.A ("Chase"), Case No. 1-10-cv-165577.

23. Thereafter, an Abstract of Judgment was recorded in the office of the County Recorder of Santa Clara County on October 26, 2010 as Instrument No. 20928753, creating a judgment lien.

24. On July 28, 2014, Chase filed a Release of Lien in the Santa Clara County Superior Court, which was recorded in the County Recorder's Office on July 29, 2014.

25. In January, 2020, Plaintiff obtained a copy of a LexisNexis/Accurint Lien and Judgments Report ("The Report").

26. The Report is a "consumer credit report" or a "credit report" within the meaning and definition of California Civil Code § 1785.3(c).

27. The Report falsely states that Plaintiff owes a $ 43,211.00 judgment taken against Plaintiff by Chase and that there is a judgment lien.

28. The Report further fails to include the fact that Chase filed a Satisfaction of Judgment and Release of Lien in the Santa Clara Superior Court in July, 2014. LexisNexis has failed to update its records and continues to maintain inaccurate information in Plaintiff's file, and continues to report the judgment has not been satisfied and the lien has not been released.

29. Defendant has provided Plaintiff's consumer report to numerous potential creditors during the time when inaccurate information has been contained in Plaintiff's consumer report, resulting in credit denials.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this lawsuit on behalf of herself and the proposed Class members pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure. The proposed class consists of:

> All natural persons in the State of California about whom Defendant reported an unpaid judgment or lien in the two years prior to the filing of this Complaint when in fact the judgment or lien had been satisfied, vacated, or expunged more than 30 days before the date of Defendant's report and Defendant did not report that the judgment or lien had been satisfied, vacated, or expunged.

31. Excluded from the Class are Defendant and any of its officers, directors, and employees.

32. ***Numerosity.*** The members of the Class are so numerous that their individual joinder in impracticable. Plaintiffs are informed and believe, and thereon allege, that the proposed Class contains thousands of members. While the precise number of Class members is unknown to Plaintiff, it is known to Defendant.

33. ***Existence of Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on standard form contracts. The common legal and factual questions include, but are not limited to, the following:

   a. Whether LexisNexis is a credit reporting agency within the meaning of the California Consumer Credit Reporting Agencies Act;

  b. Whether LexisNexis has maintained consumer records with respect to judgments and whether LexisNexis has failed, and continues to fail, to maintain policies and procedures for ensuring that those records are not used to create or prepare consumer reports containing judgments which have been satisfied and liens that have been released;

  c. Whether LexisNexis has prepared, and continues to prepare, consumer reports for sale or provision to third-parties which include judgments without maintaining policies and procedures for ensuring that the information regarding the judgments is accurate;

  d. Whether LexisNexis has any procedure in place to periodically reevaluate its database to determine whether information it maintains contains concerning judgments and liens is inaccurate or if they have been satisfied and released.

  e. Whether LexisNexis adopted procedures that collected and reported updates to liens that were less systematic and effective than those it used to initially collect and report the liens and civil judgments;

  e. Whether LexisNexis's actions and inactions have violated, and continue to violate California Civil Code § 1785.14(b);

  f. Whether the alleged conduct constitutes violations of the California Consumer Credit Reporting Agencies Act have been negligent or willful;

  g. Whether Plaintiff and the Class are entitled to injunctive relief as a result of LexisNexis' alleged violations of the law;

  h. Whether Plaintiff and the Class are entitled to statutory and/or punitive damages as a result of LexisNexis' violations of the law;

  34. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff is a member of the Class that he seeks to represent.

  35. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff has retained counsel experienced in the prosecution of this type of class action litigation. Plaintiff has no adverse or antagonistic interests to those in the Class.

36.     *Superiority.*  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant.  Further, the adjudication of this action presents no unusual management difficulties.

37.     Unless a class is certified, Defendant will retain monies received as a result of their conduct that was taken from Plaintiff and proposed Class members.  Unless a class-wide injunction is issued, Defendant will continue to be misled and denied their rights. Defendant has acted or refused to act on grounds that are generally applicable to the class so that injunctive and declaratory relief is appropriate to the Class as a whole.

## FIRST CAUSE OF ACTION

**(Violations of the California Consumer Credit Reporting Agencies Act) Cal. Civ. Code § 1785.14(b)**

**(Against Defendant)**

38.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39.     Defendant LexisNexis is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

40.     Defendant LexisNexis uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

41.     In preparing Credit Reports, Defendant LexisNexis has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of

information relating to obsolete judgments, satisfied judgments, and release lien, in violation of Cal. Civ. Code § 1785.14(b).

42. As a result of Defendant LexisNexis' failure to use reasonable procedures in accordance with the requirements of Cal. Civ. Code § 1785.14(b), LexisNexis is reporting inaccurate information relating to obsolete judgments, satisfied judgments, and release lien, in violation of Cal. Civ. Code § 1785.14(b).

43. Defendant LexisNexis' failure to comply with the requirements of Cal. Civ. Code § 1785.14(b) is willful within the meaning of Cal. Civ. Code § 1785.31(a)(2), and negligent within the meaning of Cal. Civ. Code § 1785.31(a)(1) respectively.

44. As a result of LexisNexis' willful and negligent noncompliance with the requirements of Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to his credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under §§ 1785.31(a)(2) and 1785.31(a)(1)

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

45. Certifying the Class as requested herein and certifying the named Plaintiff herein to be an adequate class representative and her counsel to be adequate class counsel;

46. Providing such further relief as may be just and proper;

47. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1);

48. An award of actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

49. An award of punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper; pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

50. Punitive damages in an amount that the Court may allow pursuant to Cal. Civ. Code § 1785.31(c);

51. Injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

1 | 52. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d).

Dated: November 9, 2021                    Respectfully submitted,

**MARTIN & BONTRAGER, APC**

/s/  G. Thomas Martin, III

G. Thomas Martin, III